UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OSCAR W. THOMAS,

      Petitioner,

v.                                       CASE NO. 6:14-cv-478-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 6).   Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 14).   Petitioner filed a reply to the response (Doc. 19).

Petitioner alleges four claims for relief in his habeas petition.   However, as discussed hereinafter, the Court finds the petition is untimely filed.

### I.    PROCEDURAL HISTORY

Petitioner entered a guilty plea in state court case number 02-CF-3804 to robbery with a firearm and aggravated assault with a firearm (App. A & B). The trial court sentenced Petitioner on June 12, 2002, to concurrent terms of twenty-eight years in prison, with a ten-year minimum mandatory sentence for the robbery conviction and a three-year minimum mandatory for the aggravated assault conviction. *Id.* Petitioner appealed,

and appellate counsel filed an *Anders*[1] brief and moved to withdraw from the case (App. D). While Petitioner's appeal was pending, he filed a *pro se* motion to correct sentencing error pursuant to Rule 3.800(b) of the Florida Rules of Criminal Procedure (App. F). The trial court denied Petitioner's Rule 3.800(b) motion on August 23, 2002 (App. H). On October 14, 2003, the Fifth District Court of Appeal granted appellate counsel's motion to withdraw and affirmed *per curiam* (App. K & L).

On March 15, 2004,[2] Petitioner filed a Rule 3.850 motion for post-conviction relief (App. N).   The trial court summarily denied the motion on October 7, 2004 (App. O). Petitioner appealed (App. P), and on July 8, 2005, the appellate court dismissed the appeal without prejudice (App. R).   On September 20, 2005, the appellate court granted Petitioner a belated appeal and reinstated his Rule 3.850 appeal (App. T).   The Fifth District Court of Appeal affirmed *per curiam* on October 11, 2005 (App. U). Mandate issued on October 28, 2005 (App. V).   Petitioner moved for rehearing, and the appellate court denied the motion on November 7, 2005 (App. W).

Petitioner filed a Rule 3.800(a) motion to correct illegal sentence on July 15, 2004

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

(App. X). The trial court denied the motion on November 2, 2004 (App. Y). Petitioner did not appeal.

Petitioner subsequently filed a second Rule 3.850 motion on May 12, 2008 (App. Z). The trial court summarily denied the motion as untimely and successive on June 16, 2008 (App. BB). Petitioner appealed (App. CC), and on September 16, 2008, the Fifth District Court of Appeal affirmed *per curiam* (App. FF). Mandate issued on October 3, 2008 (App. GG).

Petitioner filed approximately four additional post-conviction motions in the state court from January 23, 2009 through December 30, 2014 (App. HH – GGG).[3] Those motions were denied, and the appellate court affirmed the denials on appeal. *Id.* Petitioner filed his initial federal habeas petition on March 19, 2014 (Doc. 1).

## II.   TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] Petitioner filed two additional Rule 3.800(a) motions to correct illegal sentence, and two Rule 3.850 motions for post-conviction relief (App. HH – GGG).

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its *per curiam* affirmance on October 14, 2003. Petitioner's conviction became final ninety days later, or on November January 12, 2004. *See* Sup. Ct. R. 13(3). Thus, under § 2244(d)(1)(A), Petitioner had through January 12, 2005, absent any tolling, to file a federal habeas petition.

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed his Rule 3.850 motion on March 15, 2004. A total of 63 days of the one-year limitations period elapsed before Petitioner filed this motion. The limitations period was tolled from March 15, 2004, through November 7, 2005, the date the appellate court denied rehearing. Petitioner had 302 days of the limitations period remaining, or until September 5, 2006, to file his federal habeas petition. The federal petition, filed on March 19, 2014, is untimely.

The Court is aware that Petitioner filed additional post-conviction motions in the

4

state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Moreover, Petitioner's federal habeas petition, filed on November 5, 2005 in case number 6:05-cv-1725-Orl-22KRS, did not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding "an application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2254(d)(2)."); *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

To overcome his untimely filing, Petitioner contends that his petition should be considered timely based on newly discovered evidence (Doc. 19 at 5). In support of this claim, Petitioner maintains that he recently discovered the transcript of a state court hearing in which a thirteen-year global plea was offered by the State.[4] *Id.* at 7-8.

Section 2244(d)(1)(D) allows a movant one year from the discovery of new exculpatory evidence in which to challenge their conviction in a federal habeas

---

[4] In his first claim for relief, Petitioner alleges that counsel failed to properly advise him of the sentencing consequences if he rejected the global plea offered (Doc. 6 at 5).

proceeding. *Scarlett v. Sec'y, Dep't of Corr.*, 404 F. App'x 394, 400 (11th Cir. 2010) (citing *Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1338 (11th Cir. 2008)). However, the evidence to which Petitioner points is not newly discovered. Petitioner's own allegations state that he was aware of and rejected a thirteen-year plea offer (Doc. 6-1 at 8-10). Although Petitioner did not discover the transcript of the plea hearing until March 9, 2010, Petitioner was aware of the thirteen-year plea offer and counsel's advice, or lack thereof, regarding the matter before his conviction became final. Therefore, Petitioner is not entitled to the benefit of § 2244(d)(1)(D), and the limitations period did not begin to run again on March 9, 2010.

Petitioner also contends that his petition should be considered timely pursuant to section 2244(d)(1)(C) in light of the Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012) (Doc. 6 at 6, 13). Section 2244(d)(1)(C) provides that the one-year limitations period may run from the date "on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized . . . and made retroactively applicable to cases on collateral review. . . ."

Federal courts have held that *Lafler* and *Frye* do not recognize a new constitutional right for purposes of § 2244(d)(1)(C). *See In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012); *Porter v. Stewart*, No. 4:13-cv-11249, 2015 WL 4617468, at *3 (E.D. Mich. July 31, 2015); *Coulliette v. Sec'y, Dep't of Corr.*, No. 5:12-cv-355-MW/GRJ, 2014 WL 518936, at *3 (N.D. Fla. Feb. 10, 2014). Therefore, Petitioner has not demonstrated any basis for restarting the

limitations period.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

### III.   CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Amended Petition for Writ of Habeas Corpus filed by Oscar W. Thomas (Doc. 6) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      Petitioner is **DENIED** a certificate of appealability.

7

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 28th day of September, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 9/28
Counsel of Record
Oscar W. Thomas

8